Health Department Buildings — Construction A county may construct necessary county buildings to be used in part by a local health department with funds derived from a bond issue and levy pursuant to Article X, Section 26 Oklahoma Constitution, and 19 O.S. 1961 Section 301[19-301] [19-301] et seq., and Section 734. Alternatively, such construction could be financed pursuant to 19 O.S. 731 [19-731] (1961) et seq. Funds derived from a levy pursuant to Article X, Section 9A Oklahoma Constitution, and 63 O.S. 1-223 [63-1-223] (1968) et seq. may be expended only for maintaining and operating a local department of health. The Attorney General has considered your letter requesting an official opinion wherein you state that a county has derived a sum of money from a special two-mill levy, which levy was pursuant to O.S.L. 1963, ch. 325, Art. 2, Sections 223, 224 (63 O.S. 1-223 [63-1-223], 68 O.S. 1-224 [68-1-224] (1968)), to use in conjunction with federal matching funds to construct a county facility which would be used in part as a County Health Clinic, but would also contain certain other county facilities. You inquire: "Can the monies derived from the special two mill levy for the Delaware County Health Department be used to construct a neighborhood facility in conjunction with federal funds." Article X, Section 9(a) Oklahoma Constitution, provides as follows: "For the purpose of maintaining or aiding in maintaining a department of health within any county of the State, an additional levy not to exceed two and one-half mills on the dollar of the assessed valuation of the county may be levied annually, when such levy is approved by a majority of the qualified ad valorem tax paying voters of the county, voting on the question at an election called for such purpose by the Board of County Commissioners, or by initiative petition by voters of a county. A maximum levy of two and one-half mills may be made for such purpose after such approval until repealed by a majority of the qualified ad valorem tax paying voters of the county, voting on the question at an election called for such purpose by the Board of County Commissioners, or by initiative petition by voters of a county. Such department of health may be maintained jointly or in conjunction with one or more counties, cities, towns or school districts, or any combination thereof, and shall be maintained as now or hereafter provided by law. Nothing herein shall prohibit other levies or the use of other public funds for such department of health." Pertinent provisions of the Oklahoma Public Health Code, O.S.L. 1963 ch. 325 (63 O.S. 1-101 [63-1-101] (1968) et seq.), are in part as follows: O.S.L. 1963 ch. 325, Art. 2, Section 205(a) (63 O.S. 1-205 [63-1-205](a) (1968)): "The County Board of Health may, with the approval of the State Commissioner of Health, establish and maintain a County Department of Health, the maintenance and operation of which is hereby declared to be a function of county government for which appropriations may be made from the General Fund of the county and the proceeds of a levy made in accordance with Section 9A, Article 10, Oklahoma Constitution." O.S.L. 1963 ch. 325, Art. 2, Section 223 (63 O.S. 1-223 [63-1-223] (1968)): "A levy of not to exceed two and one-half (2 1/2%) mills on the dollar of assessed valuation of a county may be levied annually in accordance with the provisions of Section 9A, Article 10, Oklahoma Constitution, for the purpose of providing funds to maintain or aid in maintaining a County, District or Cooperative Department of Health, where such levy is approved by a majority of the qualified ad valorem taxpaying voters of the county, voting on the question at an election called for such purpose; and the amount of the levy so approved may continue to be made annually until repealed by a majority of the qualified ad valorem taxpaying voters of the county, voting on the question at an election called for such purpose." O.S.L. 1963, ch. 325, Art. 2, Section 226 (63 O.S. 1-226 [63-1-226] (1968)): "The County Board of Health shall annually file with the county excise board an estimate of needs for the operation or maintenance of the County, District or Cooperative Department of Health to the extent that county funds are required for such purpose, and it shall be the mandatory duty of the county excise board to approve the same to the extent that such estimate of needs can be financed with proceeds of a levy authorized in accordance with the provisions of Section 9A, Article 10, Oklahoma Constitution; and so much of the levy as may be needed shall thereupon be ordered made. The estimate of needs may include, in addition to items for current operating expenses, items for anticipated capital outlay in the future which may accumulate from year to year until the total required amounts will be available for expenditure. Provided, that nothing herein shall prohibit the appropriation or use of other county funds for such purposes, or for other public health purposes." It is apparent that the constitutional and statutory provisions, supra, all contemplate "maintenance" or "maintenance and operation" only. The term "maintenance" does not include cost of construction. See Madeley v. Trustees of Conroe Independent School Dist. Tex., 130 S.W.2d 929 (1939). The Attorney General is therefore of the opinion that your question be answered negatively, as follows: Funds derived from a levy pursuant to Article X, Section 9A Oklahoma Constitution, and 63 O.S. 1-223 [63-1-223] (1968) et seq. may be expended only for maintaining and operating a local department of health. In the hope of assisting you, we present the following two alternative methods of raising funds which can legitimately be expended upon the desired construction. We also note that since other county facilities are to be placed in the proposed facility, authority must be found for the construction of something more than a building for the use only as a county health department. We therefore direct your attention to 19 O.S. 731 [19-731] (1961), which provides in part: "The board of county commissioners is authorized to provide for the construction or repairing of courthouses, jails or other necessary buildings and make contracts on behalf of the county for building or repairing the same, and for the purpose of providing a fund for the payment of the cost of the same such board of county commissioners is hereby authorized and empowered to provide for the levy of a tax and to continue such provision from year to year for a period not exceeding five years: Provided, that such levy for such purpose, together with the levies for all other purposes shall not exceed the amount authorized by law: Provided, Further, that the money, raised by such levy, shall constitute a separate and distinct fund from all others in the hands of the county treasurer until the obligation assumed by the board of county commissioners under authority of this section shall have been discharged. And Provided, Further, that no levy of taxes for the purposes of this section shall be made until after a majority of the legally qualified voters of said county, voting upon said proposition, shall have voted in favor of the expenditures whose payment is to be provided for by said levy or levies of taxes, at a general election at which said proposition shall be submitted, or at a special election called for the purpose of voting upon said proposition. The proposition submitted at such general or special election shall be whether or not the board of county commissioners shall be authorized to expend the sum desired (stating such sum) for the building of a courthouse, jail, or other necessary building, and shall be arranged on the ballot in suitable and convenient form for voting. Such special election shall be held as nearly as possible in conformity to the general election laws of the State: and at any such general or special election the votes upon the proposition submitted shall be counted and canvassed, the returns thereof made, and the results declared as nearly in conformity to the general election laws of the State as possible: Provided, that notice of submitting of such proposition to the voters of the county shall be given by the county clerk by publication in at least two newspapers published in said county and having a general circulation therein, for not less than thirty days immediately prior to said election: And Provided, Further, that if there is only one paper published in such county, publication in that paper for the required time shall be sufficient; and if no paper be published therein, notice of such election shall be given by posting up written or printed notices thereof for the required time, at least one in each voting precinct of such county at the most public places in said precinct." (Emphasis added) We also note 19 O.S. 732 [19-732] (1961), which provides: "After a building fund has been accumulated either from the proceeds of the sale of town lots or from any other source it shall be the duty of the board of county commissioners within one year from the time such fund becomes available, to proceed to the erection of the necessary county buildings including a jail, if such fund shall in the judgment of the board be sufficient for that purpose." (Emphasis added) The above section 731 et seq., constitute authority for a county to become indebted for construction of buildings to be paid for by a levy for a period not to exceed five years. We further direct your attention to Article X, Section 26
Oklahoma Constitution, and 19 O.S. 381 [19-381] (1961) et seq., and Section 734 et seq., which authorize the issuance of bonds for constructing courthouses, jails, and other public buildings upon a 3/5 majority vote of the qualified electors. The foregoing all considered, it is the opinion of the Attorney General that your question be answered as follows: A county may construct necessary county buildings to be used in part by a local health department with funds derived from a bond issue and levy pursuant to Article X, Section 26 Oklahoma Constitution, and 19 O.S. 301 [19-301] (1961) et seq., and Section 734. Alternatively, such construction could be financed pursuant to 19 O.S. 731 [19-731] (1961) et seq. Funds derived from a levy pursuant to Article X, Section9A Oklahoma Constitution, and 63 O.S. 1-223 [63-1-223] (1968) et seq. may be expended only for maintaining and operating a local department of health. (Dell Gordon) ** SEE: OPINION NO. 69-191 (1969) — THIS OVERRULES THAT OPINION **